# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**CHARLIE MILLER**                                                                   **PLAINTIFF**

**V.**                                        **CASE NO. 1:04CV96**

**CHOCTAW COUNTY SHERIFF'S DEPT. et al**                        **DEFENDANTS**

## MEMORANDUM OPINION

This cause comes before the Court on the defendants' motion for summary judgment [46-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

The plaintiff is Charlie Miller, a resident of Weir, Mississippi. The defendants include the Choctaw County Sheriff's Department; Choctaw County; and Doug McHan, the Choctaw County Sheriff, in his official capacity. The complaint alleges that Miller served as a Choctaw County Sheriff's Deputy for four years. During this dime, Miller was the only African-America deputy, and except for one other African-American who worked as a dispatcher, he was the only non-white employee in the entire Sheriff's Department. Miller alleges that over the course of his employment, he was subjected to racially disparaging remarks and disparate treatment because of his race. Among other specific incidents, Miller claims that there were law enforcement parties held by employees of the Sheriff's Department to which he was not invited (although the defendants have submitted evidence that other African-American law enforcement personnel from other jurisdictions were invited). Miller also alleges that racist remarks were made about him by both the Sheriff and members of the Board of Supervisors.

Miller further alleges that he observed certain illegal activities on the part of Sheriff McHan with the approval of the Choctaw County Board of Supervisors. Specifically, he refers to the

practice of having inmates at the County Jail perform work on behalf of the Sheriff and at least one Supervisor for no pay, including renovation work on the Sheriff's house. Miller claims that the relationship between prisoners and the Sheriff and Board of Supervisors made it impossible to maintain discipline over jailhouse prisoners, as those prisoners who worked for the Sheriff and the Board received preferential treatment. Eventually, the Mississippi Department of Corrections ("MDOC") learned of these activities and conducted an investigation of these activities. Miller denies having reported this alleged activity to the MDOC but claims that the Sheriff wrongly thought that he was responsible for instigating the MDOC investigation.

On or about December 16, 2003, Miller learned that he was to be terminated, allegedly because he had been "talking about" Sheriff McHan, because he had conspired with Weir Police Chief Hap Anderson against Sheriff McHan, and because three supervisors wanted him fired. Miller also alleges the use of racial epithets by members of the Board of Supervisors either in his presence or in reference to him. The defendants deny this and claim that Miller was fired for poor attitude, excessive profanity, and lack of professionalism.

On March 25, 2004, Miller filed this suit alleging violation of his civil rights under 42 U.S.C. § 1981 and under Title VII of the Civil Rights Act, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e), et seq. The defendants now seek summary judgment.

## **ANALYSIS**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue

of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. Reeves, 120 S.Ct. at 2110.

I. CLAIMS AGAINST THE SHERIFF'S DEPARTMENT

The defendants first argue that the Sheriff's Department is not a party capable of being sued, because Choctaw County has not granted it the capacity to engage in separate litigation. See Darby v. Pasadena Police Dep't, 939 F.2d 311, 313 (5th Cir. 1991). Miller appears to concede this point, arguing that he sued the County, the Sheriff's Department and the Sheriff in his official capacity only out of an abundance of caution. The Court agrees that the Choctaw County Sheriff's Department is not a proper party and is therefore DISMISSED.

II. CLAIMS UNDER 42 U.S.C. § 1981.

The defendants next argue that Miller cannot maintain a viable claim against either Sheriff McHan or the County under 42 U.S.C. § 1981 because that statute does not create a private cause of action against state actors and political subdivisions. In support of this argument, the defendants rely on Oden v. Oktibbeha County, Miss., 246 F.3d 458, 463 (5th Cir. 2001). There, the Fifth Circuit held that § 1981 does not provide a separate cause of action against local government entities. Oden, 246 F.3d at 463 (noting previous Supreme Court holding in Jett v. Dallas Independent School District, 491 U.S. 701, 731, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989)). The Fifth Circuit noted that

3

a split had developed among the circuits on the question of whether the Civil Rights Act of 1991 had modified the Jett holding. Oden, 246 F.3d at 463, n. 2. Ultimately, however, the Fifth Circuit concluded that the 1991 Act did not affect the Jett ruling and that § 1981 only applied to private actors and not to counties or county sheriffs in their official capacity. Consequently, the Court agrees with the defendants that Miller cannot maintain a § 1981 claim against either Choctaw County or Sheriff McHan, and summary judgment is GRANTED as to those claims.

In its responsive brief, Miller suggests that the Court should infer the existence of a claim under 42 U.S.C. § 1983 to which the County and Sheriff McHan would be amenable. Miller notes that his complaint clearly refers to violations of his rights under the First and Fourteenth Amendments which he suffered at the hands of state actors. He also argues that he is not required to submit legal theories in a complaint but merely to set forth facts demonstrating that he has a claim. While Miller is generally correct in his arguments about the purpose of a complaint, the Court is of the opinion that the complaint must at least set out the legal basis for any claims, or at a minimum, not set out an erroneous basis. Miller's complaint states that the defendants are liable under § 1981 which they clearly are not, and the Court declines to redefine Miller's claim as falling under § 1983 sua sponte. As the defendants note, Miller may still seek to amend his complaint to add a § 1983 claim, and the Court will consider the propriety of such an amendment at that time.

III.   CLAIMS UNDER TITLE VII.

The defendants present two arguments under the rubric of Title VII: (1) an argument that Choctaw County cannot be sued at all under Title VII because it was not Miller's employer within the meaning of that statute, and (1) a substantive attack on the merits of Miller's Title VII claim against Sheriff McHan. The Court will address each argument in turn.

4

The defendants rely on Oden once again, this time for the proposition that Choctaw County is not a proper party. In Oden, the Fifth Circuit stated:

> Federal law controls whether a person is an employer under Title VII, but courts can look to state law to understand the nature of the employment relationship. Mississippi law allows a sheriff to appoint, remove, and fix the compensation of his deputies, subject to the county board of supervisor's approval of the sheriff's budget. Sheriff Bryan was solely responsible for hiring, promoting, and establishing the deputies' wages. The County's only responsibility was to approve the Sheriff's budget and allocate the necessary funds. Because Sheriff Bryan was the elected official who made all decisions concerning promotions within the Sheriff's Department, he was Deputy Oden's employer for purposes of Title VII. We therefore reverse the district court's judgment against Oktibbeha County and Sheriff Dolph Bryan individually under Title VII.

Oden, 246 F.3d at 465. Miller argues that a suit against Sheriff McHan in his official capacity is functionally the same as a suit against the County. In support of this, he cites two cases addressing official capacity suits brought under § 1983, and the Court agrees that in § 1983 suits, a claim against a state actor in his official capacity is functionally the same as a suit against the government entity which employed him. The issue before the Court, however, is who is liable in a Title VII suit, and the statute clearly limits employees to suing their employers for discriminatory employment decisions. 42 U.S.C. §§ 2000e-2(a), 2000e-5. Under Mississippi law, Sheriff McHan was Miller's employer, and Miller cannot seek relief under Title VII against Choctaw County. To the extent that the instant motion seeks summary judgment against Choctaw County for violation of Title VII, the motion is GRANTED.

Turning now to Sheriff McHan's substantive attack on Miller's Title VII claim, the parties agree that the familiar McDonnell Douglas burden-shifting framework applies to this case. Under McDonnell Douglas, Miller must first satisfy a four-part prima facie case by showing:

1. that he is a member of a protected class;

2. that he was qualified for his position;
3. that he was discharged; and
4. that his employer filled the position with someone outside the protected class.

McDonnell Douglas v. Green, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); Cook v. Mississippi Dept. of Human Services, 108 Fed. Appx. 852, 856-57 (5th Cir. 2004). The defendants concede for summary judgment purposes that the first three elements of the prima facie case are established, but they argue that Miller cannot show that his position was filled by someone outside the protected class. In fact, Miller was replaced by a white officer, but the defendants argue that because they offered the job to two African-Americans who turned it down, Miller should receive no credit for the fourth element of the prima face case. This misapprehends the whole purpose of the prima facie case, which is simply to establish a rebuttable presumption. Miller has shown that he was ultimately replaced by someone outside the protected class, and at the first stage of the McDonnell Douglas analysis, that is all he is required to do.

Once the prima facie case is established, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. McDonnell Douglas, 411 U.S. at 802, 93 S.Ct. 1817. If the employer proffers such a legitimate rationale for the employment action, the burden shifts back to the plaintiff to show that the proffered nondiscriminatory reason was a mere pretext for discrimination. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507-08, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1992); Cook, 108 Fed. Appx. 852, 857.

The defendants argue that Sheriff McHan had legitimate, nondiscriminatory reasons for terminating Miller: lack of professionalism, excessive profanity and poor attitude. While these proffered reasons may well have been legitimate, they are hotly disputed by Miller, and the Court agrees that they are sufficiently vague to create disputed issues of material fact which preclude

summary judgment. Furthermore, Miller also argues that any proffered reasons for his termination are merely pretexts for discrimination, and in support of that argument he offers allegations of clear racial animus on the part of Sheriff McHan and several members of the Choctaw County Board of Supervisors. While the Board itself did not employ Miller, the Court accepts, for summary judgment purposes, that these Board members may have had sufficient influence over Sheriff McHan to compel him to terminate Miller in order to gain their favor. Accordingly, summary judgment is DENIED as to the Title VII claims against Sheriff McHan.

## **CONCLUSION**

In light of the foregoing analysis, it is hereby ORDERED:

1. that summary judgment is GRANTED as to all claims against the Choctaw County Sheriff's Department;

2. that summary judgment is GRANTED as to all claims brought under 42 U.S.C. § 1981;

3. that summary judgment is GRANTED as to all Title VII claims brought against Choctaw County; and

4. that summary judgment is DENIED as to all Title VII claims brought against the Choctaw County Sheriff in his official capacity.

A separate order to that effect shall issue this day.

This is the 13th day of March, 2006.

                         **/s/ Michael P. Mills**
                         **UNITED STATES DISTRICT JUDGE**